T.C. Memo. 1996-146

UNITED STATES TAX COURT

LLOYD PATTERSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1254-94.                    Filed March 25, 1996.

Lloyd Patterson, pro se.

<u>Patricia Riegger</u>, for respondent.

MEMORANDUM OPINION

PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181 and 182.  All section numbers refer to the Internal Revenue Code in effect for the taxable year in issue.  All rule numbers refer to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax for the year 1991 in the amount of $4,377, and an addition to tax under section 6651(a) in the amount of $339.

After concessions, the Court must decide: (1) Whether petitioner is entitled to any deductions with respect to his purported rental activity; (2) whether petitioner is entitled to deduct any amount for charitable contributions; and (3) whether petitioner is subject to limitations under section 219(g) on the deduction of an Individual Retirement Account contribution.

Some of the facts have been stipulated and are so found. Petitioner resided in Brooklyn, New York, when his petition was filed. For convenience and clarity, the findings of fact and opinion are combined.

Petitioner failed to file timely his 1991 Federal Income Tax return. After the issuance of the notice of deficiency, petitioner submitted an executed Form 1040 for the taxable year 1991 to the Brookhaven Service Center on February 8, 1994. His filing status was married filing separate.

Petitioner reported $26,000 of wage income and $2,517 of interest income on his return. He claimed Schedule A deductions for taxes and charitable contributions. He also claimed a Schedule E loss in the amount of $4,795 relating to a purported rental property.

Petitioner testified that he bought an apartment house in Brooklyn, New York, in July 1991. Respondent agreed that

petitioner owned this building.  Petitioner described the building as rundown, but occupied by a few persons.  When he bought the building, the previous owner and tenants had been at loggerheads with regard to services in the building.  Water was leaking from one bedroom to the other, and the floors of the bathrooms and kitchens were bad.  Petitioner claimed he worked on the property to make it habitable.  As indicated below, petitioner did not rent the apartments.  Some of the tenants from the prior ownership continued to occupy the building but did not pay rent to petitioner.  We conclude that the apartment building was not habitable, except perhaps for a few squatters.

In 1991, petitioner never collected rent from the squatters because, he claimed, he would get involved with the "landlord and tenants court".  Petitioner never rented any apartments to any legitimate tenants in 1991 because, he said, of the same fears.  Petitioner explained these fears as follows:  "I would be sued by the tenants because I couldn't stop the water that was escaping and going down on the other [apartments]".  When neighbors inquired as prospective tenants about an apartment, petitioner said:  "I've already got enough trouble with the [squatters who] threaten to sue me and the position is that the water repairs are being done, it will make it difficult for you, if you want to rent it in that way give me in writing that you will not sue me I'll be happy to rent to you."  No one was willing to do so.  Petitioner never collected any rent with respect to the apartment

building during 1991 and for several years thereafter. We find that petitioner never made any serious attempt to rent the apartments.

Respondent contends that petitioner had not yet begun his trade or business in 1991. Respondent argues that petitioner's expenses, other than those conceded by respondent, are start-up expenses paid in connection with a trade or business, and may be deductible under section 195 if and when he begins to operate his apartment building as a business.

Petitioner's rental expenses are deductible under sections 162 or 212 only if his use of the property constituted an activity engaged in for profit. Sec. 183(a). The test to determine whether an activity is engaged in for profit is whether the individual engaged in the activity with the "actual and honest objective of making a profit." Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983). The taxpayer's expectation of earning a profit need not be reasonable, but the taxpayer must establish that the activities were continued with a bona fide profit objective. Dreicer v. Commissioner, supra; Hager v. Commissioner, 76 T.C. 759, 784 (1981); sec. 1.183-2(a), Income Tax Regs. Whether the taxpayer had such an objective must be determined by reference to all the surrounding facts and circumstances, and greater weight is given to such facts than to the taxpayer's statement of intent. Dreicer v. Commissioner, supra. The regulations set

forth various factors to consider.  Sec. 1.183-2(b), Income Tax Regs.

On this record, we must conclude that petitioner did not engage in his apartment house activity in 1991 for profit within the meaning of sections 162, 212, or 183.

We turn to section 183(b) which provides in pertinent part that in the case of an activity which is not for profit, the deductions allowable are those allowable "without regard to whether or not such activity is engaged in for profit." Respondent has agreed that petitioner substantiated $1,849 of mortgage interest paid in 1991, and that this amount is deductible under section 163 without regard to whether the activity is engaged in for profit and is to be added to his itemized deductions.  Sec. 183(b).  Except for this amount, respondent is sustained on this issue.

Respondent also disallowed $1,180 claimed as New York City mortgage recording tax and transfer tax on petitioner's Schedule A.  These taxes related to the purchase of the apartment house. We have concluded that the apartment house is not an activity engaged in for profit.  These expenses are not currently deductible.  Sec. 183(b).

Respondent also disallowed a claimed charitable deduction of $1,534.  At trial, respondent maintained that petitioner had not substantiated any charitable contributions.  Petitioner claimed he had a "little notebook" in which he recorded

contributions. Yet, he never put any such document in evidence. Petitioner testified that: "I get invited to various churches to hear the preacher or the speaker so I go there, I put money in the collection plate * * *. It could be a $50 bill. It could be $25 or $30." We are not required to accept petitioner's self-serving statements as gospel. Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

Nevertheless, we believe petitioner went to churches and made contributions to those churches. Where the Court is satisfied that the taxpayer is entitled to some deduction but where the records are inadequate to establish the amount of the deduction, the Court may make an approximation of the amount of the deduction. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). In such cases we are cautioned to bear heavily against the taxpayer "whose inexactitude is of his own making." Cohan v. Commissioner, supra at 544. We find that petitioner is entitled to deduct $120 as a charitable contribution.

Respondent has conceded that petitioner made a $2,000 contribution to an Individual Retirement Account (IRA). Respondent contends that this IRA contribution is subject to the limitation set forth in section 219(g)(3).

In general, a taxpayer is entitled to deduct the amount he contributes to an IRA, although the deduction allowable for any taxable year may not exceed the lesser of an amount equal to the

compensation includable in the taxpayer's gross income or $2,000. Sec. 219(b)(1).

The maximum amount that may be deducted is further limited where the taxpayer or the spouse of a taxpayer is an "active participant" in certain retirement plans.  Sec. 219(g)(1). Section 219(g)(5) defines "active participant" as an individual

> (A) who is an active participant in--
>
> > (i) a plan described in section 401(a) which includes a trust exempt from tax under section 501(a),
> >
> > (ii) an annuity plan described in section 403(a),
> >
> > (iii) a plan established for its employees by the United States, by a State or political subdivision thereof, or by an agency or instrumentality of any of the foregoing,
> >
> > (iv) an annuity contract described in section 403(b), or
> >
> > (v) a simplified employee pension (within the meaning of section 408(k)), or
>
> (B) who makes deductible contributions to a trust described in section 501(c)(18).
>
> The determination of whether an individual is an active participant shall be made without regard to whether or not such individual's rights under a plan, trust, or contract are nonforfeitable.  An eligible deferred compensation plan (within the meaning of section 457(b)) shall not be treated as a plan described in subparagraph (A)(iii).

There is no evidence and not even a suggestion in the record that petitioner was an "active participant" for purposes of the section 219(g) limitation.  Yet, respondent contends that

petitioner's deduction is subject to section 219(g).  Respondent is wrong.  Petitioner is entitled to deduct his $2,000 IRA contribution in full.

Petitioner, though he had income of at least $28,517 in 1991, did not timely file a Federal income tax return for 1991.  There was no extension requested by petitioner nor granted by the Internal Revenue Service.  Petitioner's 1991 return was due on April 15, 1992.  After the notice of deficiency was issued, petitioner submitted a signed Form 1040 for 1991 on February 8, 1994.

Section 6651(a)(1) imposes an addition to tax for failure to file a Federal income tax return by its due date, determined with regard to any extension of time for filing previously granted, unless such failure was due to reasonable cause and not willful neglect.  Fischer v. Commissioner, 50 T.C. 164, 177 (1968).  Petitioner bears the burden of showing reasonable cause.  Fischer v. Commissioner, supra.

Petitioner presented no credible evidence as to why he failed to timely file a Federal income tax return for the year in issue.  Respondent acknowledges that petitioner is entitled to a withholding credit of $3,201.  Thus, we find that petitioner is liable for an addition to tax under section 6651(a)(1) of 25 percent of the amount required to be shown on the return as tax reduced by the $3,201 credit.

Petitioner raised a claim for litigation costs in his petition.  This was improper.  Rules 34, 231.

<u>Decision will be entered</u>

<u>under Rule 155.</u>